**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

VICTOR MCTHIAS,

      Plaintiff,

v.                                       No. CIV-06-1053 WJ/RHS

STATE OF NEW MEXICO,
SAN JUAN DISTRICT COURT,

      Defendants.

MEMORANDUM OPINION AND ORDER

      This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and Fed. R. Civ. P. 12(b)(6), to review Plaintiff's civil rights complaint. Plaintiff is incarcerated, appearing pro se, and proceeding in forma pauperis. For the reasons below, Plaintiff's complaint will be dismissed.

      The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

      Plaintiff claims that his state criminal conviction was obtained in violation of numerous constitutional protections. He alleges that his arrest was unlawful, the police and prosecutors

withheld exculpatory evidence in the criminal proceeding, and he was denied effective assistance of counsel and the right to appeal. The caption of the complaint names the State and a district court as Defendants. In text, Plaintiff identifies two assistant district attorneys as additional Defendants, and appears to assert claims against a state judge, a public defender, and a police officer. *See Trackwell v. United States Gov't*, --- F.3d ---, ---, No. 06-3003, 2007 WL 30035, at *1 (10th Cir. Jan. 5, 2007). The complaint seeks damages and certain equitable relief.

The Court may not grant relief on the Plaintiff's claims against Defendants State of New Mexico, San Juan District Court, and Dalley. A complaint under 42 U.S.C. § 1983 must allege facts demonstrating the two elements of the statute: that a person violated a plaintiff's federal right and the person acted "under color of state law." *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *Houston v. Reich*, 932 F.2d 883, 890 (10th Cir. 1991). Allegations against the State and a district court fail to state claims against "persons" for purposes of § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). "The Supreme Court held in *Will* that 'neither a State nor its officials acting in their official capacities are "persons" under § 1983. As we explained . . . , "a governmental entity that is an arm of the state for Eleventh Amendment purposes" is not a "person" for section 1983 purposes.' " *McLaughlin v. Bd. of Tr. of State Coll.*, 215 F.3d 1168, 1172 (10th Cir. 2000) (internal citations omitted).[1] Furthermore, case law is clear that a public defender undertaking a defense does not act under color of state law for purposes of § 1983. *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Lemmons v. Law Firm of Morris and*

---

[1] Plaintiff's request for an order reinstating his job seniority does not affect this conclusion. Because the complaint does not allege continuing violations of federal law, the claim for injunctive relief is frivolous. *See Johns v. Stewart*, 57 F.3d 1544, 1552 (10th Cir. 1995) ("when there is 'no ongoing violation of federal law,' 'a suit against a state officer--a suit the decision of which will as a practical matter bind the state--should be treated for what it is: a suit against the state.' ") (citations omitted).

*Morris*, 39 F.3d 264, 266 (10th Cir. 1994); *Harris v. Champion*, 51 F.3d 901, 909-10 (10th Cir. 1995)  The Court will dismiss Plaintiff's claims against these Defendants.

No relief is available on Plaintiff's claims against Judge Dean or assistant district attorneys Bennett and Capshaw.  "It is well-settled that judges have absolute immunity from liability for damages for acts committed within the apparent scope of their judicial duties."  *Wiggins v. New Mexico State Supreme Court Clerk*, 664 F.2d 812, 815 (10th Cir. 1981) (citing *Stump v. Sparkman*, 435 U.S. 349 (1978) (additional citations omitted)).  And as the Supreme Court has ruled, "in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983."  *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976).  This includes allegations of withholding evidence.  *See Romero v. Boulder County DA's Office*, 87 F. App'x 696, 697 (10th Cir. 2004).  These claims will be dismissed.

Furthermore, Plaintiff's claim based on allegations of withheld exculpatory evidence appears to call into question the constitutionality of the criminal conviction by which he is incarcerated.  This claim is barred under the decision in *Heck v. Humphrey*, 512 U.S. 477 (1994), which held that a convicted defendant may not bring a suit for damages under 42 U.S.C. § 1983 if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence."  *Id*. at 487.  The complaint does not allege that Plaintiff's conviction has been set aside, *see id*. at 486-87, and his allegations thus fail to state a cognizable claim under § 1983, *see Webber v. Weaver*, No. 00-6093, 2001 WL 237344, at *2  (10th Cir. Mar. 9, 2001); *but see Fottler v. United States*, 73 F.3d 1064, 1065-66 (10th Cir. 1996) (noting that plaintiff who overturns conviction may then bring § 1983 action).  The Court will dismiss this claim without prejudice.

IT IS THEREFORE ORDERED that Plaintiff's claims against Defendants State of New

Mexico, San Juan District Court, Dean, Bennett, Capshaw, and Dalley are DISMISSED with prejudice; Plaintiff's claim of illegal conviction is DISMISSED without prejudice; and, pursuant to Fed. R. Civ. P. 58(a)(2)(A)(iii), judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE